UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARBARA NACCIO** | * | |
| versus | * | |
| **JAMES M. LeBLANC**, individually, and in his | * | CIVIL ACTION |
| official capacity as Corrections Secretary for the | | |
| Louisiana Department of Public Safety & Corrections; | * | NO. |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY** | | |
| **& CORRECTIONS; LOUISIANA OFFICE OF** | * | DIVISION |
| **JUVENILE JUSTICE; DR. MARY LIVERS,** | | |
| individually, and in her official capacity as Deputy | * | |
| Secretary of the Louisiana Office of Juvenile Justice; | | |
| **JETSON CENTER FOR YOUTH ("JCY"); LSUHSC** | * | |
| **JUVENILE JUSTICE PROGRAM, DARON BROWN,** | | |
| individually, and in his official capacity as Director of the | * | |
| Jetson Center for Youth; and | | |
| **XYZ INSURANCE COMPANY** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT AND JURY DEMAND

The Complaint of Barbara Naccio, a person of the full age of majority and

domiciled in Lockport, Louisiana, with respect, represents that:

1

I.

The following parties are made defendants herein and are liable unto your plaintiff for a reasonable sum in the premises, together with legal interest thereon from date of judicial demand, all of costs of these proceedings and for all general and/or equitable relief for the reasons stated herein:

A)      **JAMES M. LeBLANC**, individually, and in his official capacity as Corrections Secretary for the Louisiana Department of Public Safety & Corrections;

B)      **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**, a political subdivision of the State of Louisiana;

C)      **LOUISIANA OFFICE OF JUVENILE JUSTICE**, a political subdivision of the State of Louisiana;

D)      **DR. MARY LIVERS**, individually, and in her official capacity as Deputy Secretary of the Louisiana Office of Juvenile Justice;

E)      **JETSON CENTER FOR YOUTH ("JCY")**, a political subdivision of the State of Louisiana;

F)      **DARON BROWN**, individually, and in his official capacity as Director of the Jetson Center for Youth;

G)      **LSUHSC JUVENILE JUSTICE PROGRAM**, a political subdivision of the State of Louisiana; and

G)   **XYZ INSURANCE COMPANY** which, at all material times herein, provided insurance to your above-named defendants.

II.

Barbara Naccio, your plaintiff herein, is a person of the full age of majority and domiciled in the City of Lockport, State of Louisiana.

## JURISDICTION

III.

Plaintiff proceeds against defendants under 42 U.S.C. § 1983 for violation of plaintiff's federally protected constitutional rights of due process, equal protection and the Eighth Amendment, thereby invoking federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343(a)(3).

IV.

Plaintiff also proceeds against defendants for state law claims and invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

## COMPLAINT

V.

Defendants named in this Complaint are liable jointly, severally and *in solido* for all injuries and damages sustained by plaintiff, with interest from date of injury and/or judicial demand, and for all costs of these proceedings, for the reasons that follow.

**VENUE**

VI.

Venue is proper under 28 U.S. C. § 1391(b) & (c) in the United States District Court for the Middle District of Louisiana because:

     A)     At least one defendant resides in Baton Rouge, a city within the Middle District; and

     B)     A substantial part of the acts or omissions occurred in Baker, Louisiana, at the Jetson Center for Youth which is within the Middle District.

**FACTUAL BACKGROUND**

VII.

At all material times herein, Andy Naccio, was an inmate at the Jetson Center for Youth in Baker, Louisiana.

VIII.

At all material times herein, the Jetson Center for Youth, the Louisiana Department of Public Safety & Corrections, the Louisiana Office of Juvenile Justice, the LSUHSC Juvenile Justice Program, Dr. Mary Livers and Daron Brown had guard and responsibility for the safety of its prisoners, including Andy Naccio.

IX.

While being housed at the Jetson Center for Youth, Andy Naccio died while in custody on or about February 15, 2008.

4

X.

Upon information and belief, Andy Naccio died after inhaling a substance, believed to be some type of a commercial solvent commonly used in metal and welding shops and otherwise known as trichloroethylene.

XI.

An autopsy was performed by the Coroner's Office of the City of Baton Rouge, and said Coroner's Office stated that the cause of death was "probable cardiac arrhythmia due to inhalation of aerosol."

XII.

Said Coroner's Office found no other reason for the death of Andy Naccio.

XIII.

At all material times herein, the Louisiana Department of Public Safety & Corrections, the LSUHSC Juvenile Justice Program, the Louisiana Office of Juvenile Justice and the Jetson Center for Youth, through its Directors, Deputy Secretary and Corrections Secretary, are responsible for ensuring the safety of its inmates.

XIV.

Defendants are responsible for failing to properly supervise Andy Naccio while in a work situation where known chemical solvents are available and openly able to be ingested.

XV.

The previous paragraph is particularly true since Andy Naccio had a previous mental illness history.

XVI.

Defendants are responsible for allowing Andy Naccio to ingest this solvent which subsequently killed him.

XVII.

Defendants violated Andy Naccio's constitutional rights by creating, establishing, implementing, overseeing and authorizing the practices and policies associated with working or participating in a welding/shop program where these chemicals and substances are readily available.

## COUNT 1 -- 42 U.S.C. § 1983

XVIII.

Plaintiff repeats and realleges all foregoing paragraphs.

XIX.

Defendants deprived Andy Naccio of his due process and equal protection rights as applied to the Fourteenth Amendment, as well as his right to be free from cruel and unusual punishment under the Eighth Amendment.

XX.

Defendants violated Andy Naccio's constitutional rights by subjecting him to cruel and unusual punishment and improper supervision in this facility and program.

XXI.

Defendants' supervision of Andy Naccio in the Jetson Center for Youth violated his due process rights under the Fourteenth Amendment of the United States Constitution.

6

XXII.

Defendants' failed to provide minimally adequate policies, procedures and safety mechanism, adequately trained staff, professional evaluation and regular mental health services, including counseling, to Andy Naccio.

XXIII.

The individual defendants' creation, enactment and personal oversight of the Jetson Center for Youth's safety practices, policies and procedures was a material cause of Andy Naccio's death.

XXIV.

The individual defendants created and implemented policies and practices in the hiring and supervision of correctional officers, counselors and other supervisors, as well as the discipline and care of Andy Naccio which was a material cause of his death.

XXV.

The individual defendants and in their individual capacities are responsible for the hiring and supervision of their employees and staff.

XXVI.

Defendants' employees lacked the credentials, training and temperament to have them placed in charge of the responsibility for Andy Naccio.

XXVII.

Defendants' employees' lack of training, supervision, experience and personal capabilities were a material cause of Andy Naccio's death.

XXVIII.

At all material times, defendants were acting under the color of state law in supervising and implementing the incarceration of Andy Naccio.

XXVIX.

Defendants violated Andy Naccio's constitutional rights by failing to adequately implement the terms and conditions of Andy Naccio's imprisonment, pursuant to state and federal law.

XXX.

Defendants, James M. LeBlanc, Dr. Mary Livers and Daron Brown, violated plaintiff's aforementioned constitutional rights by failing to adequately inspect, investigate and monitor defendant, Jetson Center for Youth.

XXXI.

Defendant, James M. LeBlanc, violated plaintiff's aforementioned constitutional rights by failing to adequately inspect, investigate and monitor defendant Dr. Mary Livers' duties and responsibility in the imprisonment of Andy Naccio.

XXXII.

Defendant, Dr. Mary Livers, violated plaintiff's aforementioned constitutional rights by failing to adequately inspect, investigate and monitor defendant Daron Brown's duties and responsibility in the imprisonment of Andy Naccio.

## COUNT 2

## NEGLIGENCE, WRONGFUL AND SURVIVAL ACTION
### (Louisiana State Law)

### XXXIII.

Plaintiff repeats and realleges all foregoing paragraphs.

### XXXIV.

Defendants were negligent under Louisiana state law in how they supervised, monitored, treated and/or failed to treat Andy Naccio for their aforementioned actions.

### XXXV.

Defendants caused Andy Naccio's death by the way they monitored, supervised, treated or failed to treat Andy Naccio.

### XXXVI.

Defendants' practices, procedures and policies were a legal cause of the negligence.

### XXXVII.

Defendants' inaction and/or omissions were also a material cause of Andy Naccio's death.

### XXXVIII.

Defendants are liable unto plaintiff under C.C. art. 2315.1 for the damages sustained by Andy Naccio.

### XXXIX.

Defendants are liable unto plaintiff for the death of her son under C.C. art. 2315.2.

9

## ATTORNEY'S FEES, EXPERT FEES AND COSTS

### XL.

Plaintiff will seek reasonable attorney's fees, expert fees, and court costs under 42 U.S.C. § 1988 for the prosecution of their 42 U.S.C. § 1983 claims for any favorable results.

### XLI.

Plaintiff will seek reasonable attorney's fees and court costs under state law for the favorable result of any of her state law claims.

## PUNITIVE DAMAGES

### XLII.

Plaintiff will seek punitive damages defendants under 42 U.S.C. 1983 for all constitutional violations.

## JURY DEMAND

### XLIII.

Plaintiff respectfully requests and demands a jury.

## PRAYER FOR RELIEF

Plaintiff, Barbara Naccio, prays that, after due proceedings are had, there be judgment herein in favor of your plaintiff and against defendants, James M. LeBlanc, individually, and in his official capacity as Corrections Secretary for the Louisiana Department of Public Safety & Corrections, Louisiana Department of Public Safety & Corrections, Louisiana Office of Juvenile Justice, Dr. Mary Livers, individually, and in her official capacity as Deputy Secretary of the Louisiana Office of Juvenile Justice, Jetson Center for Youth ("JCY"), LSUHSC Juvenile Justice

Program, Daron Brown, individually, and in his official capacity as Director of the Jetson Center

for Youth, and XYZ Insurance Company, for all damages reasonable in the premises, including

physical pain and suffering, mental anguish, emotional distress, loss of consortium, medical

expenses, loss of enjoyment of life, loss of support, loss of society, and any other general

damages, punitive damages, together with legal interest thereon from date of judicial demand, or

injury, until paid, for all these proceedings, reasonable attorney's fees, expert fees, punitive

damages, and for all general and equitable relief, for the reasons stated herein.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF:

**BRIAN D. KATZ** (Bar No. 24137)
**SOREN E. GISLESON** ( 26302)
*Herman Herman Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113
**TELEPHONE:**      (504) 581-4892
**FAX:**            (504) 561-6024
**E-MAIL:**         bkatz@hhkc.com

- AND -

**ERIC S. BUCHANAN, ESQ.**
P. O. Box 166643
Little Rock, Arkansas 72216
**TELEPHONE:**      (501) 376-7540